# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISON

| | |
|---|---|
| JANNETTE THOMPSON ABERNATHY and CHRIS ALEXANDER ABERNATHY,<br><br>　Plaintiffs,<br><br>v.<br><br>THE TJX COMPANIES, EREP FOREST HILL I, LLC, INC., and THE SHOPPING CENTER GROUP, LLC,<br><br>　Defendants. | No. 2:25-cv-02727-TLP-cgc<br><br>JURY DEMAND |

## ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

Plaintiffs Jannette Thompson Abernathy and Chris Alexander Abernathy sued Defendants EREP Forest Hill I, LLC, The TJX Companies, Inc., and The Shopping Center Group, LLC in state court in June 2025. Defendants timely removed the case to federal court. Plaintiffs then moved to remand the case to state court. For the reasons below the Court **GRANTS** Plaintiffs' Motion to Remand this case to Shelby County Circuit Court.

## BACKGROUND

Plaintiffs allege that they are both adult citizens of Shelby County, Tennessee. (ECF No. 1-1 at PageID 19.) In December 2024, Plaintiff Jannette Thompson Abernathy was shopping at the Marshalls retail store in Germantown, Tennessee. (*Id.* at PageID 21.) When leaving the store, Abernathy stepped onto a portion of the parking lot that was set off by a curb and contained grass. (*Id.* at PageID 14.) While walking through the grassy portion, she tripped in a hole, causing her to fall onto the parking lot's asphalt. (*Id.* at PageID 15–16.)

1

Abernathy sustained injuries so she went to Baptist Memorial Hospital where she underwent surgery on her shoulder.  (*Id.* at PageID 21, 22.)  Plaintiffs sued in state court alleging negligence and loss of consortium.  (*Id.* at PageID 22, 24.)  Defendant TJX removed the case to this Court under 28 U.S.C. §§ 1332, 1441, and 1446.  (ECF No. 1 at PageID 1.)  Plaintiffs then moved to remand the case to state court.  (ECF No. 9 at PageID 1.)  The Court now turns to the legal standard for remand and analysis of the Parties' positions.

## **LEGAL STANDARD**

Before a federal district court hears a lawsuit, it must have jurisdiction.  *Pollington v. G4S Secure Sols. (USA) Inc.,* 712 F. App'x 566 (6th Cir. 2018) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)).  The Court has an obligation *sua sponte* to consider whether it has subject matter jurisdiction.  *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction the court must dismiss the action.").  When a defendant removes a case to federal court, "it must show that it has the right to be there."  *Pollington*, 712 App'x at 566 (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006)).  A defendant may thus remove "any action brought in a State court" over which the federal district court would have "original jurisdiction."  28 U.S.C. § 1441(a).

One avenue is through diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship among the parties and an amount-in-controversy greater than $75,000.  The party invoking diversity jurisdiction bears the burden of establishing the citizenship for all parties.  *Akno 1010 Mkt. St. St. Louis Missouri LLC v. Pourtaghi,* 43 F.4th 624, 627 (6th Cir. 2022); *see Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010).  A defendant removing a case to federal court based on diversity must show that there is "complete diversity of citizenship

both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 2006). For complete diversity, no plaintiff may be a citizen of the same state as any defendant. *V & M Star, LP v. Centimark Corp.,* 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005)).

For limited liability companies (LLCs), the question of citizenship can be tricky. That is because, unlike a corporation[1], an LLC is deemed to "have the citizenship of each partner or member." *Delay v. Rosenthal Collins Group, LLC,* 585 F.3d 1003, 1005 (6th Cir. 2009). The *Delay* court explained that, "because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.* If the court is alerted to an issue in diversity jurisdiction, the issue must be addressed. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357–56 (6th Cir. 2010) ("No party can waive the defect [concerning diversity jurisdiction] or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." *Wis. Dep't of Corrs. v. Schacht,* 524 U.S. 381, 389, 118 S. Ct. 2047, 141 L.Ed.2d 364 (1998) (internal citations omitted)). The Court will now turn to the analysis.

---

[1] A corporation is a citizen of any state in which it was incorporated and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is the location where its high-level officers "direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

3

## ANALYSIS

**I.     Diversity Requirement**

Plaintiffs move to remand the case to the state court for lack of subject matter jurisdiction.  (ECF No. 9-1 at PageID 64.)  Defendant TJX Company, Inc. has the burden of establishing the citizenships of all parties.  *Akno*, 43 F.4th at 627.  In their Notice of Removal, TJX states that their company is a Delaware corporation with a personal place of business in Massachusetts.  (ECF No. 1 at PageID 2.)  In their Response to Plaintiff's Motion to Remand, TJX states that Defendant The Shopping Center Group ("TSCG") is a foreign LLC both formed and containing its principal place of business in Georgia.  (ECF No. 11-1 PageID 75.)  TJX also states that TSCG has two member companies, neither of which is incorporated in nor have their principal place of business in Tennessee.  (*Id.* at PageID 76.)  As for Defendant EREP, TJX states that it could not contact EREP.  And yet TJX also states that EREP is an LLC formed in Delaware with its principal place of business in Texas.

A party seeking a federal venue via removal must establish jurisdictional requirements of that venue.  *Smith v. Nationwide Prop. & Cas. Ins. Co.,* 505 F.3d 401, 404 (6th Cir. 2007).  Any doubts about jurisdiction are "resolved in favor of remand."  *Id.* at 405 (quoting *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.,* 401 F.3d 701, 704 (6th Cir. 2005)).  Merely asserting the state in which an LLC is organized and its principal place of business does not suffice to prove diversity.  It works for corporations but not LLCs.  As mentioned above, an LLC has the citizenship of each of its members and sub-members.  *Akno*, 43 F.4th at 626 ("Unlike a corporation, an LLC's state of organization does not establish its citizenship.").  When an LLC is a party in a removal case based on diversity, the court must know the citizenship of each member and sub-member.  *Id.* at

4

627. TJX has not shown the citizenship for the members and sub-members for the Shopping Center Group and EREP.

As the basis of removal is diversity jurisdiction, complete diversity among the parties is required.  To meet their burden, Defendants must show the citizenship of each Defendant member and sub-member to ensure this Court has jurisdiction to adjudicate the matter.  TJX's statement about the state of formation and principal place of business of its Co-Defendants focuses on the incorrect information to show citizenship for an LLC.  Even if the members of TSCG are diverse, neither the Notice of Removal nor Defendant's Response to Plaintiffs' Motion to Remand state the citizenship of the members of the LLCs.  While the law is unclear on whether jurisdictional defects may be cured in a response to a plaintiff's motion to remand, TJX and TSCG have still alleged no facts that state the citizenship of each member and sub-member of EREP.  TJX's efforts to contact EREP do not discharge their burden.  As a result, the Court finds that it should remand the case to state court for lack of subject matter jurisdiction.  Plaintiffs moved for leave to amend their complaint.  As this case will be remanded, the Court will leave the matter for the state court to decide.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case to the Shelby County Circuit Court.

**SO ORDERED**, this 10th day of December, 2025.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE